**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRYSTAL MONIQUE LIGHTFOOT; BEVERLY ANN HOLLIS-ARRINGTON, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CENDANT MORTGAGE CORPORATION, doing business as PHH Mortgage; et al., <br><br> Defendants - Appellees. | No. 10-56068 <br><br> D.C. No. 2:02-cv-06568-CBM-AJW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Crystal Monique Lightfoot and Beverly Ann Hollis-Arrington appeal pro se

from the district court's judgment dismissing their action arising out of foreclosure

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

proceedings as barred by the doctrine of res judicata, and from the order denying their motion to set aside the judgment. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a district court's denial of a Fed. R. Civ. P. 60(b) motion. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). We review de novo a district court's determination regarding removal jurisdiction. *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1171 (9th Cir. 2004). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court did not abuse its discretion by denying plaintiffs' Rule 60(b) motion to set aside the judgment because plaintiffs failed to establish any ground for relief. *See Casey*, 362 F.3d at 1260 (discussing requirements of Rule 60(b)(3), including that the alleged fraud "not be discoverable by due diligence before or during the proceedings" (citation and internal quotation marks omitted)); *see also Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1104 (9th Cir. 2006) (while "'fraud on the court' can sometimes constitute extraordinary circumstances meriting relief under Rule 60(b)(6)," such relief is construed narrowly).

The district court had removal jurisdiction because state claims filed to circumvent the res judicata impact of a federal judgment may be removed to federal court. *See Ultramar Am. Ltd. v. Dwelle*, 900 F.2d 1412, 1417 (9th Cir.

1990) ("When a litigant has suffered a final defeat on a federal claim yet thereafter files a similar-although-not-preempted state claim in state court, the sequence of events gives rise to an inference that the litigant is not interested in the state cause of action per se, but is instead attempting to circumvent the effects of the federal question judgment. In this limited instance, removal is allowed.").

Plaintiffs' remaining contentions are unpersuasive.

Plaintiffs' motion for a preliminary injunction is denied. Plaintiffs' request for judicial notice is granted.

**AFFIRMED.**