HARTZ, Circuit Judge,
concurring:
Shortly before oral argument the three-judge panel assigned to this case issued an order staying the district court’s preliminary injunction preventing the Tribe from pursuing a lawsuit against Mr. Becker in tribal court arising out of the Agreement. See Order of Dec. 30, 2016. We gave two reasons why we thought the Tribe had shown a likelihood of success on the merits of its appeal. One was the ground relied upon by the panel opinion issued today: the likelihood that the Agreement is void for lack of federal approval. The other was our doubt that the Agreement waived tribal jurisdiction. I add the following remarks to expand upon the reason for that doubt. I hope the remarks will serve two purposes. First, it is possible that on further proceedings in the district court it will become apparent that federal approval of the Contract was unnecessary (or, perhaps, granted). In that event, it will be necessary to determine whether the Contract in fact waived tribal jurisdiction. A discussion of the reasons for questioning whether there was a waiver may help counsel for both parties in the presentation of evidence and argument on that question. Second, and more importantly, the discus *1207 sion may encourage greater clarity in the language of future contracts.
The district court held that the following language in the Contract waived the jurisdiction of the tribal court:
The Parties hereto unequivocally submit to the jurisdiction of the following courts: (i) U.S. District Court for the District of Utah, and appellate courts therefrom, and (ii) if, and only if, such courts also lack jurisdiction over such case, to any court of competent jurisdiction and associated appellate courts or courts with jurisdiction to review actions of such courts. The court or courts so designated shall have, to the extent the Parties can so provide, original and exclusive jurisdiction, concerning all such Legal Proceedings, and the Tribe waives any requirement of Tribal law stating that Tribal courts have exclusive original jurisdiction over all matters involving the Tribe and waives any requirement that such Legal Proceedings be brought in Tribal Court or that Tribal remedies be exhausted.
Contract Art. 23, Aplt. App., Yol. I at 42.1 have doubts about that ruling.
To begin with, clause (ii) of the waiver governs because this court has already resolved that the Utah federal district court (the preferred forum under clause (i)) lacked jurisdiction to hear Mr. Becker’s contract claim. See Becker, 770 F.3d at 949. Under clause (ii) the parties submit to the jurisdiction of “any court of competent jurisdiction.” “A court of competent jurisdiction is a court with the power to adjudicate the case before it.” Lightfoot v. Cendant Mortg. Corp., — U.S. —, 137 S.Ct. 553, 560, 196 L.Ed.2d 493 (2017). Mr. Becker acknowledges that “the tribal court is, in general, a ‘court of competent jurisdiction.’” Becker’s Mot. for Recons, of Stay of Prelim. Inj. at 4.
Further, the language in the waiver provision makes little sense unless it permits tribal courts to hear the parties’ disputes. In particular, the provision refers to “any court of competent jurisdiction and associated appellate courts or courts with jurisdiction to review actions of such courts.” Contract Art. 23, Aplt. App., Vol. I at 42 (emphasis added). The emphasized language serves no purpose if only state or federal courts are considered courts of competent jurisdiction because any state or federal court “with jurisdiction to review actions of [federal or state] courts” is already adequately described as an “associated appellate court[ ].” Mr. Becker suggests that the purpose of the emphasized language is to include certiorari review by a state high court of state-court decisions or certiorari review by the United States Supreme Court. But the standard definition of appellate court — “A court with jurisdiction to review decisions of lower courts or administrative agencies,” Black’s Law Dictionary 430 (10th ed. 2014) — encompasses courts with certiorari review.[1] In contrast, the language does make sense when applied to tribal courts. It would encompass organizations (such as those associated'with law schools) that handle appeals from tribal courts. See Samantha A. Moppett, Acknowledging America’s First Sovereign: Incorporating Tribal Justice Systems into the Legal Research and Writing Curriculum, 35 Oída. City U. L. Rev. 267, 302 (2010) (“Many of the tribes that do not have their own appellate courts are members of, or will contract with, a regional inter-tribal court system that hears appeals of tribal trial court decisions.”). Courts try to construe contract *1208 language to give effect to every word. . See WebBank v. Am. Gen. Annuity Serv. Corp., 54 P.3d 1139, 1144 (Utah 2002) (“[W]e consider each contract provision ... in relation to all of the others, with a view toward giving effect to all and ignoring none.” (internal quotation marks omitted)); Restatement (Second) of Contracts § 203 (Am. Law Inst. 1981) (“In the interpretation of a promise or agreement or a term thereof, the following standards of preference are generally applicable: (a) an interpretation which gives a reasonable, lawful, and effective .meaning to all the terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect.”). I would construe “court[s].of competent jurisdiction” to include tribal courts, which gives effect to the language “courts with jurisdiction to review actions of such courts.”
Mr. Becker relies on language later in the waiver provision. But that' language cannot overcome the clear import that tribal courts can hear the parties’ disputes. Although the last sentence of the waiver does waive any requirement that the tribal court have exclusive jurisdiction or that tribal remedies be exhausted, it does not say that the tribal court lacks any jurisdiction. To say that a court does not have “exclusive”.jurisdiction is not to say that it has no jurisdiction. The sentence just permits another court also to have .jurisdiction.' All thewaiver-of-exclu-sive-jurisdiction language does is make clear that federal courts under clause (i) and state courts that may be competent under clause (ii) are not excluded from jurisdiction simply because the tribal court may have jurisdiction. In other words, to say that one is not required to proceed in tribal court is not to say that one is prohibited from doing so. The Tribe does not relinquish, tribal-court jurisdiction altogether just by relinquishing exclusive jurisdiction.[2]
There is language in the waiver provision that does give me pause: “The court or courts so designated shall have, to the extent the Parties can so provide, original and exclusive jurisdiction ....” Contract Art. 23, Aplt. App., Vol. I at 42. It is not clear to me what it means to say that “courts,” in the plural, have exclusive jurisdiction, since “exclusive” generally refers to a single entity. Perhaps it means that either the court designated in clause (i) shall have exclusive jurisdiction or the courts designated in clause (ii) shall, as a class, have exclusive jurisdiction; but it would seem that all other courts are already excluded because they are not courts of competent jurisdiction. Or perhaps the excluded tribunals are not courts but government agencies. It is also unclear what it means to say that the jurisdiction of the designated courts is exclusive “to *1209 the extent the Parties can so provide.” At oral argument Mr. Becker suggested for the first time that this language means that once one party has filed suit in a proper court, all parties would do their best to keep the issues from being litigated in a different court. But surely that would not preclude party A from seeking to litigate in its chosen forum even though party B had previously initiated suit in a forum that party A does not believe to be a “court of-.competent, jurisdiction.” (Recall that the Tribe contends that the state court lacks jurisdiction over this dispute.)
In any event, the puzzling language does not distinguish tribal courts from state courts. Mr. Becker appears to argue that because the waiver strips the tribal court of exclusive jurisdiction, it could not be a court provided “exclusive” jurisdiction in the waiver. But state courts also do not have exclusive jurisdiction. If the “shall have ... original and exclusive jurisdiction” language excludes tribal-court jurisdiction, it would-likewise exclude, .state-court jurisdiction, an absurd result.
I hope this is the last time courts have to construe a waiver clause with- such obscure language.

. Also, if the sole purpose of the emphasized language is to include review by the United States Supreme Court of state-court decisions, surely the drafters would have chosen to write "United States Supreme Court” rather than "courts with jurisdiction to review actions of such courts.”

. Mr. Becker relies on Stifel, 807 F.3d 184, to support his contention that the waiver provision excludes tribal-court jurisdiction. But rather than helping him, that decision emphatically illustrates that when parties wish to exclude tribal-court jurisdiction, they can express that wish in straightforward language quite unlike the provision in the Contract. The Stifel provision stated:
The [tribal] Corporation expressly submits to and consents to the jurisdiction of the United States District Court for the Western District of Wisconsin (including all federal courts to which decisions of the Féderal District Court for the Western District of Wisconsin may be appealed), and, in the event (but only in the event) the said federal court fails to exercise jurisdiction, the courts of the State of Wisconsin wherein jurisdiction and venue are otherwise proper, for the adjudication of any. dispute or. controversy arising out of this Bond, the Indenture, or the Bond Resolution and in-eluding ' any amendment or supplement which may be made thereto, or to any transaction in connection therewith, to the exclusion of the jurisdiction of any court of the Corporation.
■ Id. at 197 (emphasis added).