Michelle RUSH, et al., Appellants

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellee

No. 16-7130
September Term, 2017

United States Court of Appeals,
District of Columbia Circuit.

Filed On: December 1, 2017

Leizer Z. Goldsmith, The Goldsmith Law Firm, Washington, DC, for Plaintiffs-Appellants

Seth J. Blonder, Damien Goldthwaite Stewart, Esquire, Associate General Counsel, Fannie Mae, Washington, DC, for Defendant-Appellee

Before: Henderson and Srinivasan, Circuit Judges, and Ginsburg, Senior Circuit Judge.

## JUDGMENT

The court considered this appeal on the record from the United States District Court for the District of Columbia, and on the briefs and arguments of the parties. The court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* FED. R. APP. P. 36; D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court be **AFFIRMED**.

LaWanda Britt and Michelle Rush used to work for the Federal National Mortgage Association, known as Fannie Mae. They were fired in 2012. Fannie Mae says it fired Britt for poor performance and Rush for tardiness. Britt and Rush say they were fired as retaliation for Britt's complaint about the denial of an accommodation for the Muslim holiday Ramadan. Rush also says that she was fired because of her race. Britt is Muslim and Rush is African American. They filed suit against Fannie Mae under Title VII of the Civil Rights Act of 1964, under 42 U.S.C. § 1981, and under the D.C. Human Rights Act (DCHRA). The district court granted summary judgment to Fannie Mae. *Rush v. Fed. Nat'l Mortg. Assoc.*, 208 F.Supp.3d 1 (D.D.C. 2016). Britt and Rush appeal.

We first clarify the basis of the district court's jurisdiction in this case. The district court initially exercised jurisdiction over Britt's and Rush's DCHRA claims based on circuit precedent holding that the "sue and be sued" provision in Fannie Mae's charter gives federal courts jurisdiction over suits involving Fannie Mae. *Rush*, 208 F.Supp.3d at 4 n.2 (citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. ex rel. Fed. Nat'l Mortg. Assoc. v. Raines*, 534 F.3d 779, 784 (D.C. Cir. 2008)). The Supreme Court overruled that precedent in *Lightfoot v. Cendant Mortgage Corp.*, — U.S. —, 137 S.Ct. 553, 558, 561, 196 L.Ed.2d 493 (2017). Jurisdiction in this case therefore can no longer be grounded in Fannie Mae's "sue and be sued" clause.

The district court nevertheless properly had jurisdiction over Britt's and Rush's DCHRA claims in this case, and we therefore have jurisdiction to decide their appeal. The district court had original jurisdiction over Britt's Title VII and Rush's § 1981 claims under the federal question statute, 28 U.S.C. § 1331, and had supplemental jurisdiction over their DCHRA claims under 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy as their federal claims. That the district court did not assert jurisdiction on those particular grounds is of no moment. We may exercise jurisdiction "once it is clear," as it is here, "that the complaint raises a substantial federal question and that the federal and state claims arise from a 'common nucleus of operative facts.'" *Doe v. District of Columbia*, 93 F.3d 861, 871 (D.C. Cir. 1996) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). *See New Rock Asset Partners v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1510-11 (3d Cir. 1996) (holding that the district court would have had supplemental jurisdiction over state law claims and affirming district court's proper grant of summary judgment on those claims even though the district court did not exercise jurisdiction on that basis).

On the merits, we affirm the grant of summary judgment to Fannie Mae for the reasons set out by the district court in its opinion. As the district court concluded, Britt failed to raise a genuine dispute of material fact supporting her claim that she was terminated in retaliation for her exercise of protected activity in violation of Title VII and the DCHRA. Rush's DCHRA claim for retaliatory termination was untimely because, as the district court explained, the claim was filed more than one year after her termination and was not tolled under D.C. Code § 2-1403.16. Finally, Rush's discrimination claim under the DCHRA and § 1981 fails because she has not offered sufficient evidence for a reasonable jury to conclude that she was terminated because of her race.

Pursuant to D.C. Cir. R. 36(d), this disposition will not be published. The Clerk is directed to withhold issuance of the man-

date until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(b).