**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 17-1836 & 17-2416
_____

KENNETH J. TAGGART,
                                        Appellant

v.

WELLS FARGO BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS INC., a/k/a MERS; MERSCORP, INC.;
FEDERAL HOME LOAN
MORTGAGE CORP., a/k/a FREDDIE MAC; JOHN DOES 1-10
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-16-cv-00063)
District Judge: Honorable Lawrence F. Stengel
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on April 27, 2018

Before: JORDAN, BIBAS, and SCIRICA, <u>Circuit Judges</u>

(Filed: May 15, 2018 )
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

BIBAS, Circuit Judge

Acting on the maxim that the best defense is a good offense, Kenneth Taggart responded to Wells Fargo's foreclosure action by suing it and five others. He asserted claims of quiet title, slander of title, and "declaratory relief," claiming that his mortgage was void from the start. But he never alleged plausible facts to support these theories. So we will affirm the District Court's dismissal.

## I.

Taggart took out a mortgage loan from Waterfield Bank. But the paperwork bore Waterfield's old name, American Partners Bank. All the same, Mortgage Electronic Registration Systems recorded the mortgage, and Lisa Roach notarized it. Then Waterfield, still using its old name, assigned the mortgage to Wells Fargo. Eugene Jaskiewicz notarized the assignment.

Wells Fargo filed a foreclosure action in the Court of Common Pleas for Montgomery County, Pennsylvania. Taggart responded by filing two lawsuits against Wells Fargo. Both were dismissed. Two months ago, the Court of Common Pleas granted Wells Fargo's motion for summary judgment. While "the designation of the mortgagee in the mortgage as American Partners Bank was erroneous," it held "the error was not fatal." Order Granting Summ. J., No. 2010-08638, at 1 n.1 (Mar. 27, 2018). "[T]here is no dispute that the entity that provided the mortgage loan to [Taggart] was Waterfield Bank." *Id.*

While that action was pending, Taggart filed the complaint underlying this suit in the same court. Because he named Freddie Mac as a party, the defendants removed this case to federal court. Taggart claimed that the mortgage was void because American Partners

2

Bank did not exist when the mortgage and note were created. He also alleged that Mortgage Electronic Registration System, MERSCORP, and Freddie Mac all claim an interest in his property in addition to Wells Fargo, so he charged them with slander of title and sought to quiet title. Finally, he included "declaratory relief" claims seeking discovery from Roach and Jaskiewicz. The District Court dismissed his amended complaint with prejudice.

## II.

Taggart contests the District Court's jurisdiction. The District Court had jurisdiction under 12 U.S.C. § 1452(f), which lets Freddie Mac remove to federal court "any civil or other action" to which it "is a party." Taggart argues that *Lightfoot v. Cendant Mortgage Corp.* abrogated Freddie Mac's removal power. 137 S. Ct. 553 (2017). But *Lightfoot* dealt with Fannie Mae, not Freddie Mac. And it directly contrasted the statutory scheme governing Fannie Mae with the "clear textual indications" that Congress gave Freddie Mac "fuller access to the federal courts." *Id.* at 564. So federal jurisdiction is proper.

We review the District Court's dismissal for failure to state a claim de novo. *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.

Taggart waived his claims against Roach and Jaskiewicz because his brief advances no arguments in support of them. *See Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993). Taggart's claims against the corporations fail on the merits.

3

First, there is no cloud on his title. The Montgomery County Court of Common Pleas recently rejected Taggart's theory that the mortgage was void *ab initio*. Order Granting Summ. J., No. 2010-08638, at 1 n.1 (Mar. 27, 2018). The District Court correctly noted that Taggart "d[id] not dispute that he obtained the loan and that he executed and delivered the note and mortgage." *Taggart v. Wells Fargo Bank, N.A.*, No. 16-cv-00063, 2017 WL 2347186, at *3 (E.D. Pa. May 30, 2017). His complaint is conclusory, alleging no specific facts suggesting that anyone besides Wells Fargo lays claim to his property.

Second, there is no slander because there was no malice. The District Court correctly found that Taggart alleged no facts to support a finding of malice, a necessary element of slander of title. *Reed Road Assocs. v. Campbell*, 582 A.2d 1373, 1374 n.2 (Pa. Super. Ct. 1990).

Finally, declaratory relief is not a claim. The District Court correctly explained that Taggart's "requests for declaratory judgments against the Mortgage Defendants do not identify a source of law giving rise to a cause of action that would provide such declaratory relief." *Taggart*, 2017 WL 2347186, at *3.

\* \* \* \* \*

Taggart faces the unfortunate prospect of losing his house. But as the District Court correctly found, he pleaded no facts showing a genuine controversy about title or slander. So we will affirm. We deny all outstanding motions.