In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 19-3380

JONATHAN OKERE and STELLA OLUCHI OKERE,

*Plaintiffs-Appellants*,

*v.*

UNITED STATES OF AMERICA and MICHAEL R. POMPEO,

*Defendants-Appellees*.

---

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:18-cv-5024 — **Joan B. Gottschall**, *Judge*.

---

SUBMITTED\* DECEMBER 16, 2020 — DECIDED DECEMBER 21, 2020

---

Before WOOD, SCUDDER, and ST. EVE, *Circuit Judges*.

SCUDDER, *Circuit Judge*. Jonathan Okere and Stella Oluchi Okere are United States citizens who have spent years trying to get their eight-year-old son from Nigeria to the United States. The Okeres sued in 2018 and in an amended complaint

---

\* This court granted the appellants' unopposed motion under Circuit Rule 34(e) to waive oral argument. The case is therefore submitted on the briefs and record.

asserted that, although their son had finally received a travel document from the State Department, he has been prevented from boarding a flight to the United States. The district court dismissed the Okeres' complaint for lack of subject matter jurisdiction and we affirm.

**I**

In 2017 the Okeres applied on behalf of their son to the United States Consulate General in Lagos, Nigeria for a "certificate of identity." As its name implies, this document validates the identity of a person living abroad who purports to be a United States citizen but has not presented enough evidence of citizenship to obtain a passport. See 8 U.S.C. § 1503(b). After a year of waiting for a decision on the application, the Okeres sued in federal court, alleging that the Consulate General's excessive delay was tantamount to a denial. Several months later, the Consulate General approved the application and issued the requested certificate.

The federal lawsuit continued, however, because the Okeres hit another roadblock. In an amended complaint, they asserted that the Consulate General refused to verify the certificate's authenticity with the two airlines with which they had booked flights for their son to travel to the United States. Without this added layer of authentication from the State Department, the Okeres alleged, their son has been unable to board a flight.

The district court dismissed the amended complaint for lack of subject matter jurisdiction. The Okeres, while understandably frustrated, identified no legal authority compelling the Consulate General to verify the authenticity of the certificate to the airlines. From there the district court denied the

Okeres leave to file a second amended complaint, concluding that they remained unable to identify any basis for federal jurisdiction. None of the federal statutes the Okeres invoked confers jurisdiction. Nor, the district court continued, do any of the provisions identified in the State Department's Foreign Affairs Manual create individual rights or impose enforceable duties on a Consulate General when issuing a certificate of identity.

The Okeres now appeal.

## II

The district court was right to dismiss the amended complaint and to deny the Okeres' request to file a second amended complaint.

The Okeres start from the correct statute by invoking 28 U.S.C. § 1331, through which Congress gave federal courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." But the next step is where they fall short, as the Okeres fail to advance any privately enforceable claim arising under federal law. See *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (explaining that under the "longstanding well-pleaded complaint rule," a case "'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]'" (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908))). Put differently, § 1331 itself does not confer subject matter jurisdiction; rather, a complaint must point to an underlying source of federal law that supplies the plaintiff with a cause of action. See *Bennett v. Sw. Airlines Co.*, 484 F.3d 907, 909 (7th Cir. 2007) ("In the main, a claim 'arises under' the law that creates the cause of action.").

The Okeres contend that the court erred in dismissing their complaint for lack of jurisdiction. In their view, jurisdiction exists because their cause of action arises under a provision of the Administrative Procedure Act, 5 U.S.C. § 702. The APA, the argument runs, authorizes judicial review because they have been aggrieved by a final agency action—the Consulate General issuing the certificate without verifying its authenticity with the airlines—and have no other recourse. But the APA does not provide a basis for jurisdiction here. The Supreme Court has long held that the APA does not supply an independent source of subject matter jurisdiction to challenge agency actions in federal court: jurisdiction must be conferred by some other statute. See *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 561 (2017); *Califano v. Sanders*, 430 U.S. 99, 104–05 (1977). The Okeres suggest that 8 U.S.C. § 1503(b), which outlines the process for applying for a certificate of identity, is such a statute. But nothing in § 1503(b) imposes any duty upon the Consulate General to verify, transmit, or take any other action on a certificate of identity once it is issued.

The Okeres seem to no longer contend that the State Department's Foreign Affairs Manual creates a duty enforceable in mandamus in federal court. Waiver aside, the district court properly concluded that the Okeres did not identify anything in the language of the Manual that creates a clear, nondiscretionary duty for the Consulate General to take particular action following the issuance of a certificate of identity.

As another possible basis for jurisdiction, the Okeres point to 28 U.S.C. § 1346(a)(2), the so-called Little Tucker Act, which gives district courts jurisdiction over non-tort civil actions against the United States for damages up to $10,000 by

waiving the government's sovereign immunity. See *United States v. Bormes*, 568 U.S. 6, 10 (2012); *United States v. Norwood*, 602 F.3d 830, 833 (7th Cir. 2010). But § 1346(a)(2) does not confer jurisdiction over claims for injunctive and declaratory relief, as the Okeres seek here. See *Richardson v. Morris*, 409 U.S. 464, 464–65 (1973); *Norwood*, 602 F.3d at 833. And even if the Okeres sought money damages, they would need to identify an independent source of federal law that would allow such a remedy to be pursued through a cause of action in federal court. See *United States v. Mitchell*, 463 U.S. 206, 218 (1983); *Norwood*, 602 F.3d at 834.

Without subject matter jurisdiction, the district court had no choice but to dismiss the Okeres' complaint. And, in these circumstances, we see no abuse of discretion in the court's declining the Okeres' request to try to replead federal claims.

**III**

This outcome is most unsatisfying, for it is impossible to read the parties' briefs without concluding that something else is going on here. For reasons entirely unclear to us, the State Department seems unwilling to help the Okeres as citizens to break the gridlock and see their minor son board a flight to the United States. Perhaps some valid reason exists that the Department appropriately wishes to remain confidential. If not, we hope that today's opinion will prompt someone with authority to end this impasse, take a fresh look at the matter, and, with the fairness that has marked the Department's decorated history since 1789, give the Okeres a straight answer or lend a compassionate, understanding hand

of assistance in uniting an eight-year-old boy with his parents
in the United States.

AFFIRMED.