**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 25, 2021[*]
Decided August 27, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-1447

| | |
|---|---|
| MICHAEL BLACK,<br>    *Plaintiff-Appellant*, | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division. |
| *v.* | No. 20 C 4830 |
| PRESENCE HEALTH, et al.,<br>    *Defendants-Appellees*. | Gary Feinerman,<br>*Judge*. |

**O R D E R**

Michael Black sued a private hospital and several medical professionals for damages arising from a routine surgical procedure that allegedly went wrong, leaving him bedridden and in pain. Black sought relief under *Bivens v. Six Unknown Named*

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); several constitutional amendments; 42 U.S.C. § 1983; federal criminal statutes; and Illinois malpractice law.

The district court dismissed the suit for lack of subject-matter jurisdiction. The judge explained that neither *Bivens* nor § 1983 applies to private parties not acting under color of law, and the pleadings suggested no other possible federal claim.

Black now argues that the district court had jurisdiction under 28 U.S.C. § 1331, the federal-question statute, because he alleged violations of his constitutional rights. But "§ 1331 itself does not confer subject matter jurisdiction." *Okere v. United States*, 983 F.3d 900, 903 (7th Cir. 2020). Moreover, federal courts have jurisdiction to remedy constitutional torts only if committed by a federal agent, *Bivens*, 403 U.S. at 395, or a person acting "under color of" state law, *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting § 1983). The defendants are private persons and a private hospital, and Black has not plausibly alleged that they acted under color of law.

We have considered Black's other arguments, and they are without merit.

AFFIRMED