In the

# United States Court of Appeals

## For the Seventh Circuit

No. 22-3009

ST. VINCENT MEDICAL GROUP, INC.,
d/b/a ASCENSION MEDICAL GROUP – INDIANA,

*Plaintiff-Appellant*,

*v.*

UNITED STATES DEPARTMENT OF JUSTICE,

*Defendant-Appellee*.

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:22-mc-00011 — **James P. Hanlon**, *Judge*.

ARGUED MAY 24, 2023 — DECIDED JUNE 22, 2023

Before SCUDDER, ST. EVE, and KIRSCH, *Circuit Judges*.

KIRSCH, *Circuit Judge*. Ascension Medical Group sought to depose a DEA agent and a federal prosecutor in state court litigation. Their testimony would help Ascension prove that one of its doctors failed to disclose that he was under federal investigation, in violation of his employment agreement. After the Department of Justice refused to make either employee available for depositions, Ascension sued to compel their

testimony. The district court determined that the Department's refusal was reasonable and entered judgment in its favor. Ascension appeals; we affirm.

Thanks to the federal housekeeping statute, 5 U.S.C. § 301, each federal agency has promulgated regulations—called *Touhy* regulations, see *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)—governing when it will disclose information or make its employees available for depositions. The Department of Justice is no exception; its *Touhy* regulations live at 28 C.F.R. § 16.21 *et seq.* Ascension argues the Department skirted its *Touhy* regulations when it refused to make the prosecutor and agent available.

The Administrative Procedure Act's arbitrary-and-capricious standard governs challenges to an agency's withholding of documents or testimony in response to a state court subpoena. *Edwards v. U.S. Dep't of Just.*, 43 F.3d 312, 314–17 (7th Cir. 1994) (citing 5 U.S.C. § 706(2)). Put another way: unless the Department unreasonably applies its *Touhy* regulations, a federal court is powerless to compel its participation in state court discovery. *FCC v. Prometheus Radio Project*, 141 S. Ct. 1150, 1158 (2021).

Ascension disagrees. It says that proportionality and relevance, which control civil discovery in federal courts, should govern whether an agency can withhold documents or testimony. See Fed. R. Civ. P. 26(b)(1). Some circuits apply those principles to discovery requests emanating from federal

litigation.[1] But when it comes to state court litigants seeking discovery from an agency, the circuits are unanimous: the APA controls.[2] We see no reason to chart a new course and depart from *Edwards* or our sister circuits. The APA confers no federal subject matter jurisdiction. See, e.g., *Okere v. United States*, 983 F.3d 900 (7th Cir. 2020). Rather, it confers statutory standing on Ascension and contains the waiver of sovereign immunity that allows a federal court to entertain a challenge to an agency's interpretation and application of its *Touhy* regulations. 5 U.S.C. § 702; *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 177–78 (2011). In other words, without the APA, Ascension has no recourse against the Department. Thus, only when the Department's decision contravenes the APA's familiar arbitrary-and-capricious standard can a district court force it to take part in state court discovery.

---

[1] Compare *Linder v. Calero-Portocarrero*, 251 F.3d 178, 180 (D.C. Cir. 2001) (applying federal discovery standards because 5 U.S.C. § 702 waives sovereign immunity to federal nonparty subpoenas), and *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 778–79 (9th Cir. 1994) (holding that nonparty subpoenas under Rules 26 and 45 fall within the APA's waiver of sovereign immunity for all actions seeking nonmonetary relief), with *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 277–78 (4th Cir. 1999) (applying the APA's arbitrary-and-capricious standard to agency's refusal to comply with a nonparty Rule 45 subpoena), and *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991) (same).

[2] *Watts v. SEC*, 482 F.3d 501, 508–09, 508 n.* (D.C. Cir. 2007) (Kavanaugh, J.); *Puerto Rico v. United States*, 490 F.3d 50, 60–61 (1st Cir. 2007); *Davis Enters. v. EPA*, 877 F.2d 1181, 1186 (3d Cir. 1989); *COMSAT Corp.*, 190 F.3d at 277–78; *CF Indus., Inc. v. ATF*, 692 F. App'x 177, 181–82 (5th Cir. 2017); *Exxon Shipping Co.*, 34 F.3d at 778; see also *Alltel Commc'ns, LLC v. DeJordy*, 675 F.3d 1100, 1102–05 (8th Cir. 2012) (concluding that third-party subpoenas to Indian tribes are barred by sovereign immunity, just like state court subpoenas to federal agencies).

Viewed through that highly deferential lens, the Department's refusal must be affirmed. To prevail, Ascension needs to show that the Department's application of its *Touhy* regulations was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Those regulations allow the Department to refuse disclosure when it determines that disclosure is unwarranted. 28 C.F.R. § 16.26(c). And they prohibit disclosure when doing so "would reveal investigatory records compiled for law enforcement purposes[] and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired." *Id.* § 16.26(b)(5).

As the district court noted, Ascension hoped to learn whether, when, and to what extent the doctor knew that he was the subject or target of a federal investigation. It asked to depose a federal prosecutor and a federal agent to those ends. The Department considered the policy interests reflected in § 16.26(b)(5) and concluded that disclosure was unwarranted. It explained how it arrived at that conclusion: allowing either deposition would interfere with the Department's law enforcement mission by not only distracting two employees from their work, but by jeopardizing its ability to obtain cooperation in future investigations, too. The APA allows us to discard an agency's conclusion if the path it took cannot be discerned. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Here the dots almost connect themselves. Because the Department reasonably applied its *Touhy* regulations to the particulars of Ascension's request, its refusal was neither arbitrary nor capricious. Underscoring all of this is the reality that what Ascension seeks is, as best we can tell, cumulative: If the doctor denies that he was under

investigation, Ascension can point to the DEA proffer letter he signed acknowledging that he was "a subject of a federal investigation."

At bottom, whether to comply with a state court subpoena "is essentially a policy decision about the best use of the agency's resources." *COMSAT*, 190 F.3d at 278. The Department considered the facts and the law, made a reasoned decision, and explained itself. Ascension might prefer a different outcome, but it should not be surprised by today's result. It points us to no case when a federal court has compelled a federal prosecutor to sit for a civil state court deposition. This will not be the first.

AFFIRMED